**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

JOSHUA GRIZZLE, DAVID LEONARD,
and CALEB PIERCY, on behalf of
themselves and all others similarly
situated,

    Plaintiffs,                          CASE NO.:  4:22-cv-109

v.                                        JURY TRIAL DEMANDED

HUNTINGTON INGALLS
INCORPORATED, d/b/a Newport News
Shipbuilding, a Tenneco Company,

    Defendant.

## COMPLAINT

The above-named Plaintiffs, by counsel, file this Complaint against Huntington Ingalls Incorporated, d/b/a Newport News Shipbuilding, a Tenneco Company, on behalf of themselves and all others similarly situated, and allege as follows:

## NATURE OF THE CASE

1. This action arises under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §201, *et seq.* and the Virginia Overtime Wage Act ("VOWA"), Virginia Code Section 40.1 – 29.2, both of which, *inter alia*, provide that workers must receive compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) in a work week.

2. The Defendant failed to pay the Plaintiffs overtime premiums owed to them for hours worked over 40 during certain work weeks in 2021 and 2022.

## PARTIES

1. Huntington Ingalls Incorporated ("HII") is a Virginia corporation. It has filed a fictitious name statement with the Virginia State Corporation Commission indicating that it also operates under the name of Newport News Shipbuilding, a Tenneco Company.  The company publicly advertises that Newport News Shipbuilding is a division of Huntington Ingalls Industries, Inc. Upon information and belief, Huntington Ingalls Incorporated is a division and wholly-owned subsidiary of Huntington Ingalls Industries, Inc.  Newport News Shipbuilding employs approximately 24,000 people operating both domestically and internationally.  It manufactures, repairs and overhauls Virginia-class submarines, Nimitz-class aircraft carriers, and Ford-class aircraft carriers at its shipyard in Newport News.  It also performs repair, consulting and quality assurance work in Tacoma, Washington; Jacksonville, Florida, and San Diego, California.

3. Joshua Grizzle is a citizen and resident of the Commonwealth of Virginia and the United States.  At all times relevant to this matter he was employed by HII as a welder.

4. David Leonard is a citizen and resident of the Commonwealth of Virginia and the United States.  At all times relevant to this matter he was employed by HII as a welder.

5. Caleb Piercy is a citizen and resident of the Commonwealth of Virginia and the United States.  At all times relevant to this matter he was employed by HII as a welder.

6. At all times relevant hereto, the Defendant was an "employer" within the meaning of 29 U.S.C. §2067(a)(1) and VOWA, and was the Plaintiffs'' employer within the meaning of those statutes.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1367, 2201, and 2202.

8. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) and Eastern District of Virginia Local Rule 3.

9. Defendant is subject to personal jurisdiction within the Commonwealth of Virginia and conducts significant operations within the Newport News Division of the United States District Court for the Eastern District of Virginia. Defendant maintains its principal place of business at 4101 Washington Avenue, Newport News, Virginia 23607.

## COLLECTIVE ACTION ALLEGATIONS

10. The Plaintiffs file their statutorily authorized collective action pursuant to 29 U.S.C. §216(b) as Representative Plaintiffs. Plaintiffs each consent to become party plaintiffs in this representative FLSA action as evidenced by their consents filed contemporaneously with the Complaint or which may be filed with the addition of new plaintiffs in the future.

11. The Defendant has employed, and continues to employ, numerous employees performing the same job functions as the named Plaintiffs. The Plaintiffs and all similarly situated employees have performed, and/or continue to perform, work which entitles them to payment of overtime compensation that they have not received. The Defendant has compensated the Plaintiffs and those similarly situated pursuant to a common, uniform compensation scheme and pursuant to the same or closely similar wage payment practices. The Defendant's payroll operations are centrally managed, and the Plaintiffs are subject to common, uniform time-keeping and payroll practices. Defendant has established uniform payroll policies governing the

tracking, recording and payment of overtime compensation which applied to all Plaintiffs in the performance of their duties.

12. All of the Plaintiffs were, and/or continue to be, paid by the hour. The Plaintiffs' job duties, and the job duties of those similarly situated to them, are not exempt from coverage under the FLSA or VOWA.

13. Plaintiffs assert that the Defendant's willful disregard of the overtime laws asserted herein entitles them and similarly situated employees to the benefit of the three year limitations period and, in addition, to equitable tolling of otherwise applicable statutes of limitation.

14. The relief sought by the named Plaintiffs for overtime compensation is typical of the relief which is sought on behalf of the proposed class.

15. Plaintiffs are excellent class or collective action representatives. Their interests are identical to those members of the proposed class and/or collective action they seek to represent. The Plaintiffs have direct and actual knowledge of the Defendant's scheduling and compensation practices.

16. The putative class or collective action members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized scheduling and compensation practices and their recovery in either an individual or collective/class action would be based on the amount of overtime compensation that they have been denied by the Defendant. Certain of the Plaintiffs have attempted to resolve this dispute by way of administrative procedures available through their union. These efforts were unsuccessful.

**FACTS**

17. HII owns and operates a shipyard at the address noted above in Newport News, Virginia. Its business is engaged in the construction and overhaul of U.S. Navy vessels. The Plaintiffs were each employed as welders at HII in aid and support of their employer's business operations.

18. HII employed each of the Plaintiffs throughout 2021 and to the present date. The Plaintiffs performed all of their duties professionally and well. The Plaintiffs were non-exempt under both the FLSA and VOWA. As a result, they were entitled to receive overtime pay for each hour worked over 40 during their work weeks. HII suffered the Plaintiffs to work numerous hours over 40 per work week without providing them with overtime premiums. Each of the Plaintiffs earned a base hourly rate of between $24 and $35 per hour. The currently named Plaintiffs earned between $27.50 and $31.50 per hour. Accordingly, the overtime premium pay for each hour worked was between $12 and $17.50 per hour. For the named Plaintiffs, the overtime premium pay for each hour worked was between $13.75 and $15.75 per hour.

19. The Plaintiffs would work four days on and four days off. HII would request the Plaintiffs, but not require them, to work additional days when they were scheduled to be off. When the Plaintiffs chose to work on those days, HII refused to pay them overtime. At some point in early 2021 or prior, HII had provided overtime premiums to the Plaintiffs when they voluntarily worked more than their scheduled 40 hours per week. HII terminated the overtime premium payments not later than early 2021.

20. HII and members of its management team were closely familiar with the Plaintiff's' work routine and actually observed them, and had actual knowledge that they worked substantial uncompensated overtime hours on a routine basis.

21. HII has not acted in good faith with respect to its failure to pay overtime compensation. Defendant had no legitimate or good faith reason to believe its actions and omissions were in compliance with the FLSA or VOWA.

22. Upon information and belief, each of the named Plaintiffs are owed more than 35 hours of overtime premiums each. The Plaintiffs do not have access to their pay records and are unable to assert the precise amount of overtime premiums to which they are entitled.

## COUNT I

### *Violation of the Fair Labor Standards Act*

23. The allegations set forth at paragraphs 1 through 22, above, are incorporated into this Count by reference.

24. The FLSA requires covered employers such as the Defendant to compensate workers at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours in a 7 day work period. The Defendant failed to do so.

25. Each of the Plaintiffs, and all those similarly situated, have performed substantial work qualifying for payment of overtime pay under the FLSA, but for which they have not been paid.

26. As a direct, actual, and proximate result of the Defendant's actions, each of the Plaintiffs have suffered significant economic loss. The Plaintiffs are entitled under the FLSA to payment of all overtime compensation owed, an additional amount as liquidated damages, and payment for all attorney's fees and costs incurred in prosecuting this action.

**WHEREFORE**, Plaintiffs respectfully move this Court to enter judgment in their favor and:

1)  Pursuant to the procedure of the United States Supreme Court set forth in *Hoffman-Larouche v. Sperling*, 493 U.S. 165, 110 S.Ct. 42 (1989), certify this case as a representational action and approve the sending of a notice and Consent form to all employees whom Defendant employed in the position of law enforcement officer or any other similar, non-exempt position between September 22, 2019, and the present time informing each such individual of this lawsuit and the right to file a written Consent to join this action;

2)  Award all overtime compensation due and owing to Plaintiffs for all hours worked and/or owed during the three year limitation period preceding the filing of the original Complaint as well as hours worked since the filing of the original Complaint;

3)  Award an equal and additional amount as liquidated damages;

4)  Award injunctive relief or appropriate declaratory relief requiring HII's compliance with the FLSA in the future;

5)  Award all Plaintiffs' costs, reasonable attorneys' fees and expert witness fees incurred in this action;

6)  Award interest at the applicable legal rate accruing from each week compensation was not paid;

7)  Award all such other relief to which the Plaintiffs and putative Plaintiffs are entitled under the FLSA and such other relief as the Court deems appropriate under the circumstances.

## **COUNT II**

### *Violation of the Virginia Overtime Wage Act*

27. The allegations set forth at paragraphs 1 through 22, above, are incorporated into this Count by reference.

28. The VOWA requires covered employers such as the Defendant to compensate workers at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours in a 7 day work period. The Defendant failed to do so.

29. Each of the Plaintiffs, and all those similarly situated, have performed substantial work qualifying for payment of overtime pay under the VOWA, but for which they have not been paid.

30. As a direct, actual, and proximate result of the Defendant's actions, each of the Plaintiffs have suffered significant economic loss. The Plaintiffs are entitled under the VOWA to payment of all overtime compensation owed, an additional amount as liquidated damages, and payment for all attorney's fees and costs incurred in prosecuting this action.

**WHEREFORE**, Plaintiffs respectfully move this Court to enter judgment in their favor and:

1) Pursuant to the procedure of the United States Supreme Court set forth in *Hoffman-Larouche v. Sperling*, 493 U.S. 165, 110 S.Ct. 42 (1989), certify this case as a representational action and approve the sending of a notice and Consent form to all employees whom Defendant employed in the position of law enforcement officer or any other similar, non-exempt position between September 22, 2019, and the present time informing each such individual of this lawsuit and the right to file a written Consent to join this action;

2) Award all overtime compensation due and owing to Plaintiffs for all hours worked and/or owed during the three year limitation period preceding the filing of the original Complaint as well as hours worked since the filing of the original Complaint;

3) Award an equal and additional amount as liquidated damages;

4) Award injunctive relief or appropriate declaratory relief requiring HII's compliance with the FLSA in the future;

5) Award all Plaintiffs' costs, reasonable attorneys' fees and expert witness fees incurred in this action;

6) Award interest at the applicable legal rate accruing from each week compensation was not paid;

7) Award all such other relief to which the Plaintiffs and putative Plaintiffs are entitled under the FLSA and such other relief as the Court deems appropriate under the circumstances.

## **TRIAL BY JURY DEMANDED**

The Plaintiffs request a jury trial on all issues raised in this Complaint.

Respectfully submitted,

**JOSHUA GRIZZLE, et al**

By: ___/s/ James H. Shoemaker, Jr.___
      Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 249-1627
Jshoemaker@pwhd.com